**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | : : : : | |
| Plaintiff, | : : | **OPINION** |
| v. | : : | Civ. A. No. 07-1915 (WHW) |
| DESTINY DUNN, a minor, CEDE DUNN, a minor and DEJONNA BROWNING, a minor, | : : : | |
| Defendants. | : : : | |

**Walls, Senior District Judge**

Plaintiff Prudential Insurance Company of America ("Prudential") moves for final judgment by default against Defendant Cede Dunn pursuant to Federal Rule of Civil Procedure 55(b)(2). Defendant Cede Dunn has not opposed the motion. This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. Prudential's motion for default judgment is granted.

**BACKGROUND**

Prudential, a New Jersey corporation with its principal place of business in Newark, New Jersey, is a capital life insurance company. (Dkt. Entry No. 1, Interpleader Complaint at ¶ 1 (filed on Apr. 24, 2007) ("Compl.").) Defendant Destiny Dunn, a minor, resides in the State of Oklahoma. (Dkt. Entry No. 23, Notice of Mot. for J. by Default at 1 (filed on Mar. 14, 2008)

**NOT FOR PUBLICATION**

("Mot. for Default J.").)  Defendants Cede Dunn and DeJonna Browning reside in the State of Georgia.  (Id. at 1-2.)

This matter arises out of the distribution of benefits from decedent Shawn Dunn's life insurance policy.  (Dkt. Entry No. 23, Letter Br. From Julie E. Von Bevern at 2-3 (filed on Mar. 14, 2008) ("Ltr. Br.").)  Shawn Dunn had a $400,000 life insurance policy under Prudential's Group Policy No. G-32000 (the "insurance plan").  (Ltr. Br. at 2).  Shawn Dunn passed away on February 21, 2006.  (Id.)   Mr. Dunn did not designate beneficiaries of his life insurance policy, but was believed to have been survived by Defendants Destiny Dunn, Cede Dunn and DeJonna Browning.  (Id. at 2-3.)  Prudential paid two-thirds of the insurance plan benefits to Defendants Destiny Dunn and Cede Dunn upon "proof of paternity and guardianship papers."[1]  (Id. at 2.)

Prudential subsequently received claims from the guardians of Defendants Cede Dunn and Destiny Dunn protesting the distribution of the remaining $133,333.33 to Defendant DeJonna Browning.  (Id. at 2-3.)  Prudential was also notified of an action by the guardian of Defendant Cede Dunn seeking declaratory judgment that Shawn Dunn was not Defendant DeJonna Browning's natural father.  (Id. at 3.)

Prudential has not yet distributed the remaining $133,333.33 and is "ready and willing" to distribute the money to the appropriate individual(s).  (Id.)  However, pending the resolution of the paternity of Defendant DeJonna Browning, Prudential is unable to distribute the money without "exposing itself to double or multiple liability." (Id.)

---

[1] Each defendant received $133,333.33 (Ltr. Br.at 2.)

-2-

NOT FOR PUBLICATION

Prudential filed a complaint on April 17, 2007 requesting that the Court direct Prudential to pay to the Court the remaining $133,333.33, direct the Defendants to "interplead their rights to such sum," relieve Prudential of all liability to Defendants, and award Prudential attorney's fees. (Compl. at 4; Ltr. Br. at 3-4**.**)  Defendant Cede Dunn was served with a copy of this complaint and summons through her guardian, Felicia Holt, on May 25, 2007.  (Ltr. Br. at 4; Dkt. Entry No. 23, Mot. for Default J., Ex. B; Dkt. Entry No. 23, Aff. of Julie E. Von Bevern at ¶ 2 (filed March 4, 2008) ("Von Bevern Aff.").)  Defendants Destiny Dunn and DeJonna Browning have agreed to interplead their claims to the remaining funds of the insurance plan.  (Dkt. Entry No. 4, Destiny Dunn Resp. to Compl. at 1-2 (filed on Jun 11, 2007); Dkt. Entry No. 15, DeJonna Browning Resp. to Compl. at 1-2 (filed on Nov. 26, 2007).)  Defendant Cede Dunn has not responded to the complaint within the time period "prescribed by the Federal Rules of Civil Procedure," and has not requested additional time to respond  (Ltr. Br. at 4; Von Bevern Aff. at ¶ 3.)  On March 4, 2008, Prudential requested an entry of default against Defendant Cede Dunn, which was entered by the Clerk of the Court on March 6, 2008.  (Mot. For Default J. at ¶¶ 4-5; id. at Ex. C; id. at Ex. D.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55(b)(2) governs the Court's entry of default judgment. The party against whom default judgment is requested must have been properly served with process.  Fed. R. Civ. P. 55(b)(2); Local Union No. 98, Int'l Bd. of Elec. Workers v. Cableco, Inc., Civ. A. No. 99-755, 1999 WL 269903, at * 1 (E.D. Pa. Apr. 28, 1999).  Before a default

**NOT FOR PUBLICATION**

judgment may be entered by the court, the moving party must have obtained an entry of default

pursuant to Rule 55(a).  10A Wright, Miller, & Kane, Federal Practice and Procedure, § 2682, at

13 (3d ed. 1998).

      A party seeking default judgment is not entitled to such relief as a matter of right,

however, even where the defendant was served with process, and where the default has been

noted pursuant to Rule 55(a).  See, e.g., Cableco, 1999 WL 269903, at *3 (citing Petrucelli v.

Bohringer & Ratzinger, 46 F.3d 1298, 1303 (3d Cir. 1995)).  Rather, a court is "required to

exercise sound judicial discretion in deciding whether to . . . enter default judgment."  Id.

Default judgment is generally disfavored because it prevents resolution of a plaintiff's claims on

the merits.  Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984).  Thus, when considering a

motion for default judgment, a court may consider the following factors: the potential amount of

damages; whether issues of material fact or substantial public concern are implicated; whether

the default is primarily technical; whether the moving party has been substantially prejudiced by

the delay involved; whether the grounds for default are clearly established or in doubt; whether

the default was attributable to good faith, mistake or excusable neglect; and whether the court

may later be obliged to set aside the default.  Franklin v. Nat'l Maritime Union of Am., No. 91-

0480, 1991 WL 131182, at * (D.N.J. July 16, 1991), aff'd, 972 F.2d 1331 (3d Cir. 1992) (citing

10 Wright, Miller & Kane, Federal Practice and Procedure, § 2685 (2d ed. 1983)); see also Poulis

v. State Farm & Casualty Co., 747 F.2d 863, 868-70 (3d Cir. 1984) (using a similar test to

evaluate the propriety of entering a default judgment).  No single factor is determinative and

**NOT FOR PUBLICATION**

dismissal may be appropriate even if some of the factors are not met.  See Mindek v. Rigaitti,

964 F.2d 1369, 1373 (3d. Cir. 1992).

**DISCUSSION**

**A.     Liability**

The record indicates that Defendant Cede Dunn was properly served with process.  (Ltr.

Br. at ¶ 4; Mot. For Default J., Ex. C.)  The notice of motion for judgment by default against

Defendant Cede Dunn was delivered on March 14, 2008 via overnight mail.  (Mot. for Default J.,

Certification of Service.)  The Clerk of the Court has entered default against Defendant Cede

Dunn.  (Id. at Ex. D.)

"A default judgment may be entered against a minor or incompetent person only if

represented by a general guardian, conservator or other like fiduciary who has appeared."  Fed. R.

Civ. P. 55(b)(2).  Felicia Lynn Holt, Defendant Cede Dunn's mother, was designated as her

conservator on April 10, 2006.  (Certification in Supp. of Mot. for Default J., Ex. A; Ltr Br. at 3.)

Ms. Holt protested the payment of proceeds from Shawn Dunn's insurance plan to Defendant

DeJonna Browning, and filed a petition for declaratory relief regarding Defendant DeJonna

Browning's paternity in the Superior Court of Houston County, Georgia.  (Ltr. Br. at 3; Mot. for

Default J., Ex. C; Mot. for Default J., Certification of Service.)  Additionally, the summons and

complaint were personally served to Defendant Cede Dunn through Ms. Holt on May 25, 2007.

(Mot. for Default J., Ex. B.)  The Court is satisfied that Defendant Cede Dunn, through her

conservator, has had notice of this action and the motion for default.  Despite having received

-5-

NOT FOR PUBLICATION

notice, Defendant Cede Dunn has failed to appear in this case.  The Third Circuit allows district

courts to enter a default judgment in a case like this one:

> In most instances where a party's right to prosecute or defend would be terminated
> as a sanction, the moving party has the burden of creating a record showing the
> appropriateness of this ultimate sanction and the district court has the responsibility
> of making a determination on that issue in light of considerations like those
> articulated in Poulis.  (Citations omitted.)  When a defendant fails to appear and
> perhaps under other circumstances covered by Rule 55, the district court or its clerk
> is authorized to enter a default judgment based solely on the fact that the default has
> occurred.  Even in those situations, however, consideration of Poulis type factors is
> required if a motion to lift the default is filed under Rule 55(c) or Rule 60(b) and a
> record is supplied that will permit such consideration.

Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

Interpleader actions should be liberally permitted to "relieve parties of the hazards and

vexations of conflicting claims against them" and future claims.  Van Ingen & Co. v. Connolly,

225 F.2d 740, 744-45 (3d Cir. 1955); see Metro. Life Ins. Co. v. Mason, 98 F.2d 668, 669 (3d

Cir. 1938) (stating that interpleader actions are intended to provide equitable relief to

stakeholders who do not have an interest in the present litigation and relieve them "from future

litigation.").

Defendant Cede Dunn has failed to answer or otherwise respond to the Complaint.  She

also has failed to respond to the motion for default judgment.  There is no evidence of good-faith,

mistake or excusable neglect that would explain Defendant Cede Dunn's failures.  After

reviewing Prudential's Complaint, Letter Brief and affidavit of Julie E. Von Bevern in support of

the motion for default judgment, the Court is satisfied that Prudential has sufficiently established

**NOT FOR PUBLICATION**

the factors necessary to warrant entry of a default judgment against Defendant Cede Dunn.  This

Court grants Prudential's motion for default judgment against Defendant Cede Dunn.[2]


## <u>CONCLUSION</u>

    Prudential's motion for judgment by default against Defendant Cede Dunn is granted.


June 25, 2008                               **s/William H. Walls**        
                                              United States Senior District Judge

---

[2]  Without a detailed accounting, the Court at this time does not address Prudential's request for attorney's fees and costs.